Sanborn, Circuit Judge,
(after stating the facts.) The ground on which it is sought to sustain the instruction of the court below to return a verdict for the defendant in this case is that the plaintiff failed to tender or deliver the articles contracted for to the defendant, at Denver, until six or eight days after the expiration of the year, that the plaintiff did not therefore furnish them “in the course of the year,” and that this failure justified the defendant in repudiating the contract, and refusing to pay any part of the contract price.
It is a general principle governing the construction of contracts that stipulations as to the time of their performance are not necessarily of their essence, unless it clearly appears in the given case from the express stipulations of the contract or the nature of its subject-matter that the parties intended performance within the time fixed in the contract to be a condition precedent to its enforcement, and, where the intention of the parties does not so appear, performance shortly after the time limited on the part of either party will not justify a refusal to perform by the party aggrieved,, but his only remedy will be an action or counterclaim for the damages he has sustained from the breach of the stipulations. In the application of this principle to the cases as they have arisen, in the promulgation of the rules naturally deduced from it, and in the assignment of the various cases to the respective classes in which the stipulation as to time of performance is, or is not, deemed of the essence of the contract, the controlling consideration has been, and ought to be, to so decide and classify the eases that unjust penalties may not be inflicted, nor unreasonable damages recovered. Thus, in the ordinary contract of merchants for the sale and delivery, or the manufacture and sale, of marketable commodities within a time certain, it has been held that performance within the time is a condition precedent to the enforcement of the contract, and that a failure in this regard would .justify the aggrieved party in refusing performance at a later day. Norrington v. Wright, 115 U. S. 188-208, 6 Sup. Ct. Rep. 12. This application of the general principle commends itself as just and reasonable, *703 on account of the frequent and rapid interchange and use of such commodities made necessary by the demands of commerce, and because such goods, if not received in time by the vendee, may usually be sold to others by the vendor at small loss, and thus he may.himself measure the damages he ought to suffer from his delay by the difference in the market value of his goods. On the other hand, it has been held that an express stipulation in a contract for the construction of a house, that it should be completed on a day certain, and that, in case of failure to complete it within the time limited, the builder would forfeit $1,000, would not justify the owner of the land on which the house was constructed in refusing to accept it for a breach of this stipulation when the house was completed shortly after the time fixed, nor even in retaining the penalty stipulated in the contract, but that he must perform his part of the contract, and that he could retain from or recover of the builder the damages he sustained by the delay and those only. Tayloe v. Sandiford, 7 Wheat. 13, 17. This application of the general rule is equally just and reasonable. The lumber and material bestowed on a house by a builder become of little comparative value to him, while they are ordinarily of much greater value to the owner of the land on which it stands, and to permit the latter to escape payment because his house is completed a few days later than the contract requires would result in great injustice to the contractor, while the rule adopted fully protects the owner, and does no injustice to any one. The cases just referred to illustrate two well-settled rules of law which have been deduced from this general principle, and in accordance with which this case must be determined. They are:
In contracts of merchants for the sale and delivery or for the manufacture and sale of marketable commodities a statement descriptive of the subject-matter, or some material incident, such as the time of shipment, is a condition precedent, upon the failure or nonperformance of which the party aggrieved may repudiate the whole contract. Norrington v. Wright, 115 U. S. 188, 203, 6 Sup. Ct. Rep. 12; Rolling Mill v. Rhodes, 121 U. S. 255, 261,7 Sup. Ct. Rep. 882. But in contracts for work or skill, and the materials upon which it is to be bestowed, a statement fixing the time of performance of the contract is not ordinarily of its essence, and a failure to perform within the time stipulated, followed by substantial performance after a short delay, will not justify the aggrieved party in repudiating the entire contract, but will simply give him his action for damages for the breach of the stipulation. Tayloe v. Sandiford, 7 Wheat. 13, 17; Hambly v. Railroad Co., 21 Fed. Rep. 541, 544, 554,557.
It only remains to determine whether the contracts in the case at bar are the ordinary contracts of merchants for the manufacture and sale of marketable commodities or contracts for labor, skill, and materials, and this is not a difficult task. A contract to manufacture and furnish articles for the especial, exclusive, and peculiar use of another, with special features which he requires, and which render them of value to him, but useless and unsalable to others,—articles whose chief cost and value are *704 derived from the labor-and skill bestowed upon them, and not from the materials of which they are made,—is a contract for work and labor, and not a contract of sale. Engraving Co. v. Moore, 75 Wis. 170, 172, 43 N. W. Rep. 1124; Goddard v. Binney, 115 Mass. 450; Hinds v. Kellogg, (Com. Pl. N. Y.) 13 N. Y. Supp. 922; Turner v. Mason, (Mich.) 32 N. W. Rep. 846. Thus in Engraving Co. v. Moore, supra, where the lithographing company had contracted to manufacture a large quantity of engravings and lithographs for a theatrical manager, with special features, useful to him only during a certain season, and they were completed and set aside in the rooms of the lithographer, and there burned before delivery to the manager, the court held that the contract was not one for the sale of personal property, but one for work, skill, and materials, because it was not the materials, but the lithographer’s work of skill, that gave the value to the finished advertisements, and was the actual subject-matter of the contract, and because that w'ork and skill, while it added the chief value to the finished articles for the especial use of the defendant, made both the articles and the materials worthless for all other purposes.
The contracts in the case we are considering were not for the blank paper on which they were finally impressed; that was of small value in proportion to the value of the finished articles; they were not for the sale of anything then in existence; they were for the artistic skill and labor of the employes of the defendant in preparing the sketches and designs, transferring them upon stone, and finally impressing them upon the paper the defendant was to furnish; and they authorized the plaintiff, without other orders than the contracts themselves, and the approvals of the designs and proofs there called for, to prepare and furnish all the articles named in the contracts and to collect the contract price therefor. These contracts required the names of defendant’s mills and its trademarks to be so impressed upon all. these articles that when they were completed they were not only unsalable to all others, but worthless to plaintiff for all purposes but waste paper. The contracts are evidence that on December 31, 1889, the articles contracted for would have been worth about $6,000 to the defendant, and if a few days later, when they were tendered, they were not worth so much, the defendant may recover the damages it suffered from the delay from December 31, 1889, to the date of. the tender, in a proper action therefor, or may have the same allowed in this action under proper pleadings and proofs, and no injustice will result; while, if the defendant was permitted on account of this delay to utterly repudiate the contract, the plaintiff must practically lose the entire $6,000. The contracts contain no stipulation from which it can be fairly inferred that the parties intended the time of performance to be even material; indeed, they strongly indicate the contrary. They provide that a certain portion of the articles shall be furnished in two months, that the remainder of the stationery and 5,000 hangers shall be furnished in the course of the year, and that 5,000 hangers more and the vignette shall be furnished within a reasonable time after the proofs are approved by the defendant; there is no stipulation for the payment *705 of any damages or the avoidance of the contracts on account of a failure to perform within any of the times stipulated in the contracts, and the parties themselves proceeded so leisurely thereunder that the first and only admitted request by the defendant for the delivery of any of the articles not delivered in August was on December 16, 1889. In Tayloe v. Sandiford, swpra, the court refused to permit the owner to retain the $1,000 which the house builder had expressly agreed to pay if he failed to complete the house within the time fixed in the contract. In the absence of any such stipulation, or any clearly-expressed intent that time should be material even, it would be clearly unjustified by the law and inequitable to hold that the plaintiff is compelled to forfeit his entire contract price on account of this trifling delay that may have been immaterial to the defendant, and, if not, may be fully compensated in damages.
The result is that these contracts were not for the sale and delivery, or the manufacture and delivery, of marketable commodities. They were contracts for artistic skill and labor, and the materials on which they were to be bestowed in the manufacture of articles which were not salable to any one but the defendant when completed because impressed with special features useful only to it. There was nothing in the contracts or their subject-matter indicating any intention of the parties that the stipulations as to time should be deemed of their essence; and the defendant was not justified on account of the slight delay disclosed by the record in refusing to accept the goods, or in repudiating the entire contract. This conclusion disposes of the case, and it is unnecessary to notice other errors assigned. The judgment below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.