NORTH & SOUTH STREET RAILROAD CO. *v.* SPULLOCK.

1. Where a contract of subscription to the capital stock of a street railroad company provides that the subscription shall be paid "in such instalments and at such times as may be decided by a majority of the stockholders, or board of directors or trustees empowered for the purpose by a majority of the stockholders," and suit is brought on such contract against a subscriber and no proof is offered showing that the stockholders, directors or trustees have ever provided in what instalments the subscription shall be

paid, or fixed a time or times for such payment, or made any call for payment, there should be a judgment of nonsuit against the plaintiff. *South Ga. R. R. Co.* v. *Ayres*, 56 *Ga.* 230.

2. There being no question of fact, but only one of law, that is, whether the nonsuit ought to have been granted, the remedy by *certiorari* was available, and the superior court could make a final disposition of the case. *Greenwood* v. *Boyd*, 86 *Ga.* 582, and cases cited.    *Judgment affirmed, with direction.*

February 1, 1892.

Corporations. Stockholders. *Certiorari*. Practice. Before Judge Maddox. Floyd superior court. March term, 1891.

The railroad company sued Spullock in a justice's court upon his subscription to one share of its capital stock. He pleaded not indebted, and a special plea not here material. At the trial the plaintiff introduced the subscription obligation and list. The obligation was, that the undersigned subscribed to the capital stock of the company the number of shares set opposite their respective names, "each share to be paid in such instalments and at such times as may be decided by a majority of the stockholders, or board of directors or trustees empowered for the purpose by a majority of the stockholders in a meeting for organization"; etc. The plaintiff closed; and the defendant admitted his signature to the obligation, and then moved that the case be dismissed and judgment be rendered in his favor, because (among other reasons) the contract was conditional, and the plaintiff had introduced no evidence to show that the amount for one share was due, or in what instalments it was to be paid, or that any call for the payment of the instalment was ever made, or at what time the board of directors decided the instalment should be paid. The motion was overruled, and judgment was rendered against the defendant for the amount sued for, "which judgment, actings and doings of the court" were assigned as error by peti-

tion for *certiorari*, on the grounds as taken in the motion to dismiss. In the superior court the plaintiff moved to dismiss the *certiorari* on the ground that there should have been an appeal to a jury in the justice's court before *certiorari*. The motion was overruled, and the court, after hearing the entire case, sustained the *certiorari* and rendered final judgment in favor of the defendant against the plaintiff. The exceptions are, (1) that the motion to dismiss the *certiorari* should have been sustained; (2) that the court ought not to have rendered final judgment, but directed a new trial in the justice's court; and (3) that the judgment is contrary to law.

C. A. Thornwell, by brief, for plaintiff.
Wright & Harris, for defendant.