THE WESTERN IMPROVEMENT COMPANY v. THE DES MOINES NATIONAL BANK, Appellant.

Corporations: PAID UP STOCK. By plaintiff's articles of incorporation, and by indorsements on its certificates of stock, provision was made that the stock should be subject to assessment for the payment of a mortgage on real estate conveyed to the company by its shareholders, in exchange for shares, and constituting the capital stock of the corporation, which was expressed as paid in full, though the mortgage was outstanding. *Held*, though expressed as paid in full, the stock was not paid for, except in so far as liability to assessment was payment, and the shareholders were bound by the condition making the shares subject to assessment.

SAME: *Personal liability of shareholder.* The assessment being for an unpaid balance due on the stock, the shareholders are personally liable under Code, section 1082, providing that the stockholders shall not be exempt from personal liability for unpaid installments, although the articles of incorporation simply confer power "to assess the capital stock."

*Same.* A stockholder is individually liable, under Code, section 1082, for an assessment for an unpaid balance due on the stock, even if the articles of incorporation restrict the remedy for failure to pay an assessment, to a sale of the stock.

*Same.* The exemption of stockholders from corporate debts and the provision of the Code, section 1082, making them individually liable to the amount of the unpaid installments on their stock, to creditors of the corporation, do not apply in an action by the corporation for an assessment for an unpaid installment of stock.

ASSESSMENT. There is no merit in defendant's contention that the assessment is void because shares purchased by plaintiff at a sale

under a previous assessment were not assessed. The assessment would have to be met by the outstanding shares, as they represent the whole property of the corporation, including the purchased shares.

*Notice.* Directors of a corporation are required to take notice of an adjourned session of the annual meeting of the directors at which an assessment is made upon the stock, and a notice thereof is not necessary.

*Same.* The call for an assessment of the stock of a corporation is not invalid because it does not name the time, place, or person to whom the payment is to be made, where the corporation has a place of business and an officer authorized to receive money due it, as the time under such circumstances is on demand and the place of business of the corporation is the place the person to whom payment is to be made, such officer.

*Same.* The articles of incorporation authorizing assessment to pay principal and interest on the mortgage debt, and for improving the real estate, and for other necessary expenses, an assessment made, "to meet outstanding maturing obligations for taxes, bonds, interest," etc., states with sufficient definiteness, in connection with the articles of incorporation, the object of the assessment.

STOCK REDUCTION. The purchase of shares of its own stock by a corporation having authority to do so, does not operate as a reduction of the capital stock, where it does not reserve to itself the power to reduce its capital stock.

**Banks:** CORPORATIONS: *Real estate holding.* The assumption by a national bank of stock of a corporation which is subject to assessments, for the improvement of real estate other than that used by the bank, is not *ultra vires* because of the prohibition against national banks engaging in the improvement of real estate.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

SATURDAY, OCTOBER 23, 1897.

THIS action by the plaintiff corporation is to recover from the defendant corporation, as a stockholder, the amount of an assessment alleged to have been duly made upon the stock of the plaintiff corporation. The issues and facts sufficiently appear in the opinion. The

case was tried to the court, and judgment rendered in favor of the plaintiff.   Defendant appeals.—*Affirmed,*

*Dudley & Coffin* for appellant.

*Barcroft & McCaughn* and *Bishop, Bowen & Fleming* for appellee.

GIVEN, J.—It is necessary to an understanding of the question discussed to notice at considerable length the character of the plaintiff corporation.   Appellant's counsel makes the following statement, which is sufficiently full, and is supported by the record: "In February, 1891, the plaintiff corporation was organized 'to own, buy, sell, exchange, and lease real estate,  *  *  *  to improve the same by erecting buildings thereon and otherwise, and to deal in real and personal property and choses in action,' with a capital stock of 'fifty thousand dollars, divided into shares of one hundred dollars each, to be paid in full at the time of the commencement of this corporation by conveyance to the corporation of the following described real estate, valued at sixty-eight thousand dollars (thereafter amended to read seventy-eight thousand dollars), to-wit:  Lots one (1) and two (2), in block ten (10), original town of Fort Des Moines, now included in the city of Des Moines, Polk county, Iowa; and such shares of stock so to be issued to the several stockholders to be according to their interest in said real estate so to be conveyed.'   Provision is made to increase the capital stock by a vote of two-thirds of the outstanding stock to an amount not exceeding one hundred thousand dollars, but no provision is made for reducing it.   Sections 3 and 4 of the articles of incorporation are:   'Sec. 3. The board of directors shall have power to assess the capital stock of this corporation at such times and in such amount as may be necessary to meet the several

payments of principal and interest upon the mortgage incumbrance which may hereafter be placed upon the real estate above named, or made by this corporation, for refunding of the same as such payments become due. It may be further assessed only for the purpose of improving said real estate, or for other necessary expenses of the corporation; all such assessments for purposes other than the payment of the mortgage incumbrance and interest thereon not to exceed in the aggregate ten per cent. of the capital stock, nor to exceed two per cent. of the capital stock at any one time, nor to be called oftener than once in thirty days. Sec. 4. On the failure of any stockholder to pay any assessment when due, his stock may be sold at a meeting of the stockholders called for that purpose, of which meeting, and the object thereof, the stockholders shall have thirty days' notice by mail by registered letter or by personal service; and the proceeds of the sale of the stock shall be applied to the payment of such assessment, the balance remaining, if any, to be paid on demand of the owner of said stock, whereupon his obligation to the corporation shall cease.' The article also provides: 'The private property of the stockholders of this corporation shall not be liable for any of its debts or obligations,' and 'the annual meeting of the stockholders shall be held on the last Saturday in January of each year,' and 'special meetings of the directors may be called at any time by the president or vice-president.' On the organization of the corporation, the entire capital stock of fifty thousand dollars was issued to the different shareholders, the certificate being in words as follows: 'This certifies that ———— is the holder of ———— shares of the capital stock of the Western Improvement Company, of Des Moines, Iowa, subject to the articles of incorporation of the company, and to the terms and conditions printed on the back

hereof, which are hereby made a part of this certificate.
Transferrable only on the books of the company, in per-
son or by attorney, on the surrender of this certificate.
Witness the seal of the company and the signature of
the president and secretary, this —— day ——, 189 —.'
On the back of each certificate is the following:    'This
stock is fully paid up, but may be assessed at such times
and in such amounts as may be necessary to meet the
payments of principal and interest on the mortgage
incumbrance placed on the property by the Western
Improvement Company, which does not exceed the
amount of twenty-eight thousand dollars, and can never
be increased.    Said incumbrance is payable as follows:
Seven thousand dollars on or before January 27, 1894,
and seven thousand dollars on or before the 27th day of
January of each year thereafter until all is paid.    Said
incumbrance bears interest at the rate of seven per
cent., payable semi-annually on the 27th day of July
and January of each year.    It may be further assessed
only for the purpose of improving said property, or
for other necessary expenses of the company.    All
such assessments for purposes other than payment of
said mortgage incumbrance and interest thereon not to
exceed in the aggregate ten per cent. of the capital
stock, nor to exceed at any time two per cent. of cap-
ital stock, nor to be called oftener than once in thirty
days.'    On November 26, 1893, appellant acquired fifty
shares of the capital stock of the plaintiff corporation.
The annual meeting of the plaintiff's stockholders held
January 27, 1894, was adjourned until February 5, and
on that day was adjourned until February 15, 1894, on
which day a directors' meeting was held, and a resolu-
tion, as follows, adopted: "On motion of Mr. Wells-
lager, it was unanimously resolved that an assessment
of twenty-two dollars per share, to use so much thereof
as may be necessary, by levying [be levied] upon the

capital stock of the company outstanding to meet outstanding matured obligations of the company, taxes, bonds, interest, etc. * * * All members of the board being present except W. F. Dummer, and representing all the outstanding stock of the company, except that held by Mr. Dummer, those present severally waived notice of the assessment on the capital stock as this day made." Mr. Dummer was a resident of Chicago, and had never attended any of the meetings. Appellant refused to pay this assessment, and thereupon this action was brought to recover the same, to which appellant makes several defenses that will be considered in the order in which they are presented in argument.

II. Appellant's first contention is stated as follows: "Corporate stock has been issued as fully paid, by which act the corporation is bound. Consequently, there is no right to assess for unpaid installments on the stock, and, if there is a right to assess, the power exists by virtue of an express contract." The articles of incorporation provide that: "The capital stock of this corporation shall be fifty thousand dollars, divided into shares of one hundred dollars each, to be paid in full at the time of the commencement of this corporation by conveyance to the corporation of the following described real estate, valued at sixty-eight thousand dollars (thereafter amended to read seventy-eight thousand dollars), to-wit: Lots one and two, in block ten, of the original town of Fort Des Moines, now included in the city of Des Moines." The certificates of stock were subject to the articles and to the conditions presented thereon. While the indorsement recites that "this stock is fully paid," it expressly declares, in immediate connection therewith, and as a condition thereof, that the stock represented by the certificate is subject to assessment

for the purposes named. The fifty thousand dollars of stock was issued in consideration of the property, and to each shareholder according to his interest in the property to be conveyed. The plaintiff corporation accepted the property subject to the payment of twenty-eight thousand dollars, and protected itself by providing for assessing the stock to pay the same. If the liability to assessment was payment, then the stock was fully paid, but the liability remained; but, if it was not payment, the liability is for the unpaid portion of the stock. We have seen that the consideration for the stock was the conveyance to the corporation of the real estate described, clear of incumbrance. This the stockholders did not do, but the corporation accepted the conveyance subject to the debt of twenty-eight thousand dollars, and made provisions in its articles for assessing the stock to meet the liability. The certificates are "subject to the articles," and the indorsements thereon make reference to this incumbrance, and the right to assess the stock. In receiving the stock the holder must be held to have consented to these conditions, and to hold it subject thereto. It is plain that of the consideration to be paid for the fifty thousand dollars of stock twenty-eight thousand dollars thereof remains unpaid, and that the stock is assessable for the payment of this balance. The stock has not been paid in full, except as the conveyance of the real estate and the liability to assessment for the twenty-eight thousand dollars constitute payment. This case is similar in its facts to *Wishard v. Hansen,* 99 Iowa, 307, wherein it is held that the stock was not fully paid up. This stock not being paid for in full, the holders thereof are liable to assessments for the unpaid balance, as provided in the articles of incorporation, and also under section 1082 of the Code of 1873, which is as follows: "Neither anything in this chapter contained, nor any

provision in the articles of incorporation, shall exempt the stockholders from individual liability to the amount of the unpaid installments on the, stock owned by them, or transferred by them for the purpose of defrauding creditors, and execution against the company may to that extent be levied upon the private property of any such individual."

III.   The articles of incorporation confer power "to assess the capital stock," and provide that on a failure of any stockholder to pay any assessment, his stock may be sold.  Appellant contends that it is the stock only, and not the stockholder, that may be assessed; that the only remedy is the sale of the stock; and that the stockholder is not personally liable for such assessments.   This assessment being for an unpaid balance due on the stock, the holder thereof is individually liable therefor under said section 1082, even if the articles provide otherwise.   The articles recognize the obligation as that of the stockholder, in providing  that when his stock has sold for enough to pay the assessment which he has failed to pay "his obligation to the corporation shall cease."

IV.   It appears that a number of the five hundred shares of stock were sold for non-payment of previous assessments, and bid in by the plaintiff, and are now held by it.   The plaintiff had authority to purchase this stock, *Lumber Co. v. Foster*,  49 Iowa, 25; but, not having reserved to itself the power to reduce its capital stock, the purchase did not operate as a reduction, Cook, Stocks and Stockholders, section 282.   Counsel agree that it is unnecessary to determine the legal status of these shares.   It is manifest, however, that they were not canceled by the purchase, and that

they were owned and held by the plaintiff at the time this assessment was made, and were not included in it. Appellant contends that, as the assessment was not made upon the entire five hundred shares, it is illegal and void. It is argued that, if plaintiff may omit one share from the assessment, it may omit all but one, and thereby cause the one to bear the entire burden. Appellant cites the rule that no stockholder is responsible beyond the proportion which the shares held by him bear to the whole number into which the capital stock was divided by the charter; that to fix the extent of his liability the whole amount of the par value of the stock held by all stockholders, and the amount to be paid by the assessment, must be ascertained, and the stockholder be held to contribute to the payment of the debt for which the assessment is made, in the proportion that his stock bears to the whole amount of the capital stock. By the purchase of said shares they became the property of the corporation. The outstanding shares represent the entire property of the corporation, including these purchased shares. To include the purchased shares in the assessment would increase the amount to be paid to that extent, as their assessment must be paid by the outstanding shares. It is said these purchased shares should have been assessed precisely as if they were held by an outside party. If so held, the outside party would be liable for the assessment; but, being held as they were, and represented by the other shares of stock, there was no prejudice to the holders of these other shares in omitting the purchased shares from the assessment.

V. Appellant contends that this assessment is illegal, for that it was made at a special meeting of the board of directors of which one of the members, not present, had no notice; that the call did not give notice of time, place, or person to whom payment was to be

made, and did not express distinctly the object for which the assessment was made. The assessment was ordered at an adjourned session of the annual meeting, of which directors were required to take notice; not at a called meeting. The call does not name the time, place, or person to whom payment was to be made. The time was, therefore, on demand; and, the plaintiff corporation having a place of business, and an officer authorized to receive money due to it, that place and that officer were the place and person at and to whom payment was required to be made. *In re Cawle & Co.*, 31 Am. & Eng. Corp. Cas. 425, cited by appellant, holds that a resolution for a call, to be valid, must state the time at which it is to be paid. In that case the time was not stated in the call, but was fixed by a subsequent resolution, and it was held that there was no proper call until the second resolution. This decision is based upon provisions in the company's articles as to fixing time and place of payment that do not appear in the articles of this plaintiff. In *Railroad Co. v. Spullock*, 88 Ga. 283 (14 S. E. Rep. 478), also cited, the action was brought without any assessment being made. We do not think these cases are in conflict with what we have said as to the time and place at which, and the person to whom, payment was required to be made. The articles authorized assessments to pay principal and interest upon the mortgage debt, for improving the real estate, and for other necessary expenses of the corporation. The assessment was made "to meet outstanding maturing obligations for taxes, bonds, interest," etc. Taken in connection with the articles, the resolution is plain and distinct as to the objects for which the assessment was made.

VI. Appellant calls attention to the fact that the private property of these stockholders is exempt from corporate debts, and cites section 1082 of the Code,

making them individually liable to the amount of the unpaid installments on their stock to creditors of the corporation. From this it is claimed that this action cannot be maintained until the assets of the corporation are exhausted. This is not an action by a creditor, but by the corporation for a debt due to it, and neither the exemption from personal liability for corporate debts nor section 1082 apply to the case.

VII. Appellant further contends that in acquiring the stock upon which this assessment is made its act was *ultra vires*. It is conceded that as a national bank it might acquire stock in another corporation, and be subject to the same liabilities thereon as an individual or holder would be. It is contended that, as appellant cannot engage in the improvement of real estate not necessary for its own use, it had no power to acquire this stock subject to assessment for the improvement of real estate other than that used by it. In acquiring this stock, as it is conceded it had a right to do, appellant did not engage in the business of improving real estate. What we have said disposes of all the questions argued, and leads to the conclusion that the judgment of the district court should be AFFIRMED.