## DOTSON v. SAVANNAH PURE FOOD CANNING COMPANY.

1. Under the decision in *Lynah* v. *Citizens & Southern Bank*, 136 *Ga.* 344 (71 S. E. 469), if a petition sets out the substance of a written contract, it is not demurrable because a copy of the contract is not attached.

2. A petition alleged that the plaintiff was a corporation under the laws of this State; that on a named date the defendant subscribed for two shares of its stock, of the par value of two hundred dollars, and agreed to pay that sum; that, relying on such subscription, the plaintiff had incurred a large indebtedness, which it could not pay unless it collected all of its stock subscriptions; and that it had made a call therefor, but the defendant had refused to pay. *Held*, that the petition was not demurrable on the ground that it did not allege what was the minimum capital stock authorized by the charter, or that it had been subscribed.

   (*a*) A suit on a contract of subscription containing a condition precedent, which must be performed before liability attaches, is not the same as a suit on a general subscription to stock, in which it is sought to defend on the ground that the minimum capital stock has not been subscribed.

   (*b*) Other grounds of demurrer were without merit.

3. Where a plea attacked a contract of subscription to stock as obtained by fraud, and alleged that the terms sought to be enforced were printed on a separate page of the paper, which was folded so as to conceal them, that there was nothing on the face of the paper as signed by the defendant to indicate any terms, and that he was fraudulently led to sign a subscription list on verbal representations and agreements as to the terms of subscription, such plea was not on its face demurrable; and where the contract was not copied in the pleadings, and did not appear to have been formally before the court on the hearing of the demurrer, a judgment sustaining such demurrer will not be held correct on

11

the ground that by referring to the contract, which was later introduced in evidence, it showed on its face that there were printed words on the sheet where the defendant signed, referring to the terms on the other page.

(*a*) Whether this alone would require a reversal, is not decided.

4. Where a printed contract contained its own terms, and on the page where a subscriber for stock signed reference was made to terms set out on another sheet thereto attached, it was not competent to plead and prove a parol contract of subscription different therefrom, no sufficient reason appearing why the subscriber did not or could not read the reference on the page where he signed, and be put on notice of the written contract.

5. A contract in regard to the erection of a factory provided, among other things, as follows: The first party, "until full and final payment of this contract, is a voluntary association of persons." The second party is a corporation, which agrees to erect and equip a canning factory for the price of $8,500, according to certain specifications. The contractor is to have the right to receive and apply on the contract price any partial or total payments of amounts subscribed. Stock subscriptions in excess of the purchase-price may be obtained, "but the total subscription shall be held and collected by second party [the contractor] until such time only as full cash payment has been made. . . All remaining subscriptions or note balance, after said canning association's entire indebtedness to second party has been so paid, shall be duly assigned to the said corporation for a working capital. After payment and delivery have been made, as above, said canning association shall organize a co-operative society under State law, fixing aggregate amount of stock not less than the amount subscribed thereto, represented by stock certificates of $100.00 each. . . The within read, approved, and executed on the date first written, by subscribers to the Savannah Canning Co." *Held,* that the Savannah Pure Food Canning Company, which was chartered and organized by the subscribers to the agreement above described, was not ipso facto vested with title to the choses in action arising from the signing of such agreement, without any assignment by the contracting company.

(*a*) Upon a suit by the Savannah Pure Food Canning Company against a subscriber to the agreement, it was not sufficient to authorize a recovery to introduce evidence to show that the contractor had been fully paid.

6. Whether payment to the contractor created an equitable assignment or right to the subscription, which could have formed the basis of recovery under equitable pleadings and with all parties in interest or to the agreement before the court, so that their rights could be adjudicated, is not now for determination.

JUNE 16, 1913.

Complaint. Before Judge Charlton. Chatham superior court. April 4, 1912.

*Saussy & Saussy,* for plaintiff in error.

*Anderson, Cann & Cann* and *T. F. Walsh Jr.,* contra.

LUMPKIN, J.  The Savannah Pure Food Canning Company brought suit against G. C. Dotson, alleging that it was a corporation under the laws of Georgia; that the defendant was indebted to it in the sum of $200 with interest, for that he subscribed to two shares of the capital stock of the plaintiff of the par value of $200; that, relying on such subscription, the plaintiff incurred large indebtedness, amounting to approximately $10,000, and unless it collects all the indebtedness due to it, and subscriptions to its stock, it will be unable to pay its indebtedness; that on a date named the plaintiff, by order of the board of directors, through its secretary, made a call for the amount due on the stock, and gave notice to the defendant thereof and demanded payment, but he failed and refused to pay; and that by this and similar suits it seeks to obtain the sums due on subscriptions to its stock for the purpose of paying its debts.  The defendant demurred to the petition.  The demurrer was overruled.  The defendant sought to amend his answer.  The amendment was not allowed.  The court refused to grant a nonsuit, and after the close of the evidence directed a verdict for the plaintiff.  The defendant excepted.

As to only two points do the headnotes require any elaboration. Where a contract of subscription includes a condition precedent which must be performed before liability attaches, it has been held that the plaintiff, in a suit on such subscription, must show that the condition has been performed, or a readiness to perform it.  Thus where a contract of subscription to stock provided that the subscription should be paid in such installments and at such times as might be decided by a majority of the stockholders, or board of directors or trustees empowered for the purpose by a majority of the stockholders, and suit was brought on such contract against a subscriber, and no proof was offered showing that the stockholders, directors, or trustees had ever provided in what installments the subscriptions should be paid, or had fixed a time or times for such payment, or had made any call therefor, a judgment of nonsuit was held to be proper.  *North & South Street Railroad Co.* v. *Spullock*, 88 *Ga.* 283 (14 S. E. 478).  It has also been held, in a suit on a subscription to stock which stated as a condition of liability the receiving of a certain amount of subscriptions, that this should be alleged and shown.  But in a suit by a corporation against a subscriber to its stock on a general

subscription, it has been held in this State that it is not necessary for a corporation to allege and prove as a part of its case what was the minimum capital stock fixed by its charter, and that it had complied with the prerequisites of the statute before organization. If the subscriber sued desired to set up that he was relieved from his subscription by reason of the fact that the minimum capital stock fixed by the charter had not been subscribed, or that some of the subscriptions were colorable only, or that some of the subscribers had been released, so that the corporation in fact did not have subscriptions for the minimum amount, it has been held in this State that this was proper matter to be set up by way of defense rather than such as furnished ground for demurrer, no lack of authority or right to sue appearing on the face of the petition. *Wood* v. *Coosa & Chattooga River R. Co.*, 32 *Ga.* 273 (3); *South Georgia & Florida R. Co.* v. *Ayres*, 56 *Ga.* 230 (2); *Hendrix* v. *Academy of Music*, 73 *Ga.* 437. See also 1 Boone's Code Pleading, § 138; Mackay *v.* Elwood, 12 Wash. 579 (41 Pac. 919).

The trial judge refused to grant a nonsuit, and directed a verdict for the plaintiff. In this he erred. The contract described in the fourth headnote was not the ordinary subscription for stock in a corporation to be formed, payable on call of the directors, where upon the formation of the corporation the right to collect the subscriptions vested in it. *Branch* v. *Augusta Glass Works*, 95 *Ga.* 573 (23 S. E. 128). Here the primary provision was not the formation of a corporation which should then proceed to act for itself. But, by the terms of the agreement, the subscribers contracted as a voluntary unincorporated association; the subscriptions were parts of a contract with the corporation with which they contracted; it had the right to collect them; there was to be no incorporation of such subscribers until performance of the contract with the contractor; and then the agreement was, not that the title to unpaid subscriptions should vest in the corporation so formed, but that the contractor, after receiving full payment, would assign what was left to the new corporation. The parties to the contract placed in the contractor the title and right to collect these subscriptions for its benefit, and they distinctly recognized that an assignment should be necessary to divest the contractor of such title. The agreement was not one in the nature of a mortgage or lien, where payment terminates the lien of the mortgagee, but it

was a chose in action for which an assignment was specifically provided. Therefore the ordinary rule as to general subscriptions to stock in a corporation to be formed does not apply.

The decision of the Court of Appeals in *Bing* v. *Bank of Kingston, 5 Ga. App.* 578 (63 S. E. 652), does not conflict with this ruling, but harmonizes with it, so far as the two cases are similar. It was there held that where subscriptions to stock were evidenced by promissory notes payable to a named person, in the nature of a trustee to hold for the proposed corporation, such person could sue on them for the use of the corporation. How could he sue unless he had the title?

Whether the new corporation might have brought an equitable action, making all parties in interest, including the contractor, parties to the case, and determining its rights as well as that of the subscriber, is not before us. As the uncontradicted evidence showed that there had been no assignment to the new corporation, it was error to overrule a motion for nonsuit, and direct a verdict for the plaintiff.					*Judgment reversed. All the Justices concur.*