## RILEY v. ROYAL ARCANUM et al.

1. Where in a suit upon an insurance policy the plaintiff sets forth the name of the insured, the names of the beneficiaries, the amount for which the policy was issued, the facts upon which he relies to show that he was a beneficiary, and alleges also the death of the insured and the maturity of the policy in consequence of that fact, and refers for the full terms and provisions of the policy to that instrument itself, which he alleges to be in the possession of the defendant, such petition will be construed to be a suit involving liability upon a policy of insurance.

(a) It should not have been dismissed upon general demurrer, no special demurrer having been filed, upon the ground that a copy of the policy was not attached.

(b) Even if there was misjoinder of parties and causes of action, this should have been raised by special demurrer.

2. The allegations in the petition not showing that the policy sued on is other than an ordinary insurance policy, it will be treated as such as against a general demurrer.

3. Inasmuch as the judgment of the court below is reversed upon another assignment of error, it is unnecessary to pass upon the question raised by the exception to a refusal of the court to give counsel time to prepare an amendment to the declaration.

JUNE 17, 1913.

Complaint. Before Judge Pendleton. Fulton superior court. March 21, 1912.

J. L. Riley brought suit against Robert E. Riley and the Royal Arcanum, alleging as follows: The Royal Arcanum is "an assessment-insurance company." Ten years previously to the filing of the suit, said company issued to E. S. Riley a policy of insurance, wherein it contracted and agreed to pay "to the beneficiaries designated by E. S. Riley the sum of $3,000 upon the death of E. S. Riley." For the terms and provisions of the policy plaintiff refers thereto, and says that it is in possession of one of the defendants, and its full terms and conditions are known to both of them. After the issuance of the policy E. S. Riley, not caring to continue paying assessments and dues thereon, agreed with the plaintiff and the defendant R. E. Riley (who were sons of E. S. Riley) that if they would pay such assessments as should become due thereafter, upon maturity of said policy the same should belong to and be paid to plaintiff and R. E. Riley; "that said policy was issued to read payable to J. L. Riley and R. E. Riley, beneficiaries." Plaintiff and R. E. agreed between themselves and with E. S. Riley to make payments of the assessments and dues that might thereafter become due on the policy, and the policy was "rewritten or changed"

so as to be made payable to plaintiff and R. E. Riley; and from the date thereof plaintiff has paid each alternate month the dues and assessments on the policy and R. E. Riley has paid each alternate month the dues and assessments, so that the two beneficiaries named have complied with their contract and made payments of dues on said policy up to the death of E. S. Riley, who died about April, 1911, and proof of his death was duly made to the company; and thereupon the amount of the policy became due and payable to plaintiff and R. E. Riley jointly. It is charged that on or about the 14th day of August, 1910, the policy was so changed as to the beneficiaries as to make R. E. Riley the sole beneficiary. The plaintiff, not having possession of the papers and documents by which said change was made, can not further set them out; but said papers and documents are in the possession of the defendants, or one of them, and they are fully familiar with the contents thereof. The Royal Arcanum had notice and knowledge of the contract between E. S. Riley, R. E. Riley, and the plaintiff, and of the fact that the plaintiff had a half interest in the policy and was paying half of the premiums and assessments due thereon. The plaintiff did not know, until after the death of E. S. Riley, that the change was made as to the beneficiaries, and continued to pay half the dues, assessments, and premiums due on the policy. Having made a valid contract by which he was to receive one half of the policy, he is entitled to recover that amount, even if the beneficiaries have been changed; and the insurance company has recognized its obligation to pay said sum, but denies the right of the plaintiff to recover his half thereof. The petition was dismissed upon general demurrer, and the plaintiff excepted.

*Watkins & Latimer,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman,* for defendants.

BECK, J. (After stating the foregoing facts.)

1. Considering all the allegations in this petition, we are of the opinion that it was a suit upon an insurance policy. It sets forth the names of the beneficiaries, the amount due under the policy, alleges that the instrument is in the hands of the defendants, and for all the terms and provisions of the policy refers to the instrument itself. It also alleges the death of the insured, the submission of proof of the death, and that the sum for which the policy was issued became due. But we do not think the petition should

have been dismissed upon general demurrer upon a failure to comply with the provisions of the Civil Code, § 5541, requiring that a copy of the written contract or other writing sued upon shall be attached to the suit. Such an objection to the sufficiency of the petition should have been raised by special demurrer, and could not be effectively raised by a motion to dismiss in the nature of a general demurrer at the trial term.

Nor should the general demurrer have been sustained on the ground that there was a misjoinder of parties or causes of action. An objection of this character should likewise be raised by special demurrer at the appearance term.

2. The mere fact that the petitioner refers to the payment of assessments and dues by himself and the other party alleged to be a beneficiary, and the allegation that the policy was payable to the beneficiaries to be named by the insured, when considered in connection with the allegation that after the agreement between himself and his father and his brother, to the effect that if the plaintiff and his brother would pay the dues and assessments they should be the beneficiaries in the policy, the policy was issued so as to read payable to J. L. Riley (the plaintiff) and R. E. Riley (one of the defendants), are not sufficient, upon general demurrer, to authorize the court to treat the policy as one other than an ordinary life-insurance policy, and to hold that it was merely a benefit certificate in a fraternal beneficiary society, wherein the beneficiary could be changed at will by the insured. The instrument sued upon is alleged to be a policy of insurance; and in the absence of allegations to the contrary, upon general demurrer it will be considered an ordinary policy of insurance, in which the beneficiaries named had a vested interest, especially in view of the fact that they had paid the premiums thereon. If it had been shown by the petition that what is called a policy of insurance was a certificate of membership in a fraternal beneficiary society, a different question would have been raised.

3. Inasmuch as the judgment of the court below is reversed upon another assignment of error, it is unnecessary to pass upon the question raised by the exception to a refusal of the court to give counsel time to prepare an amendment to the declaration.

*Judgment reversed. All the Justices concur.*