## 19279. GLEATON *v.* BANK OF ARLINGTON.

DECIDED AUGUST 24, 1929.

*J. M. Cowart, H. A. Wilkinson,* for plaintiff in error.

*A. L. Miller,* contra.

JENKINS, P. J. This was a suit by the holder of certain promissory notes against the maker. A judgment was rendered for the plaintiff in the amount sued for. It appears that the notes were given to a corporation in renewal of notes given for the purchase of certain shares of its corporate stock, and transferred to the plaintiff long after maturity, as collateral for a debt of the corporation to the plaintiff, less than the amount of the notes. It appears that the defendant had not rescinded, or offered to rescind, the contract of purchase and sale of the stock, but had renewed the purchase-money notes, and that several years had elapsed between the renewal of the notes and the filing of the suit. The defendant pleaded nondelivery of the notes, failure of consideration, and false and fraudulent representations, and sought, by amendment, to set up that the notes sued on were null and void because given in renewal of notes executed in January, 1920, for corporate stock the sale of which was prohibited by the Georgia "blue-sky law" then of force. It was further contended on the trial that under the evidence the transfer of the notes to the plaintiff constituted a split assignment, upon which an action could be maintained only in equity, and that in no event could a recovery be had by the plaintiff for more than the debt owing by the payee to the plaintiff. Exception is taken to the charge, and to the failure to charge, with reference to the burden of proof.

■ The act of 1913 commonly known as the "blue-sky law" (Ga. L. 1913, p. 117; Park'sAnnotated Code (1914), § 2909 (a) et seq.),

provided that "no dealer in stocks, bonds, debentures, certificates of participation, or other securities, shall in this State sell, offer for sale, invite offers for or inquiries about, such securities, by personal solicitation, letters or circulars (except to other dealers or banks) or by advertising in any newspaper, magazine or other periodicals published in this State," unless such dealer had complied with certain requirements in the act enumerated. The act further provided that a corporation "offering its own securities generally for sale by circular, advertising or through brokers or agents, to others than its own shareholders or members, or to others than the dealers or banks or by such means inviting offers for or inquiries about its securities," should be considered a "dealer" under the terms of the act. It was further provided by the act that every sale or contract of sale in violation of such mandatory requirements should be void, and might be "rescinded by the purchaser within one year, but not thereafter." The Supreme Court, in *Evans* v. *Bryson,* 146 *Ga.* 278 (91 S. E. 71), in a suit by a bona fide holder for value of a note given for the purchase-price of stock, held that a sale made not in compliance with the requirements of the act was voidable and not void. This ruling was followed by this court in *Niemeyer* v. *Dougan,* 31 *Ga. App.* 99 (4) (119 S. E. 544). It is contended by the plaintiff in error that the limitation of one year refers to the right to rescind, and does not preclude the subsequent right of a purchaser to set up, as against one not a bona fide holder for value, as a matter of defense to a suit on a note given for the purchase-price of stocks, that the contract of sale was void by reason of non-compliance with the requirements of the statute. The amendment offered by the defendant in the court below, to the rejection of which exception is taken, sets forth that the notes sued on, made to a named corporation, were for the purchase-price of certain additional shares of stock issued by the corporation, and sold by it to the defendant. While the amendment designates the corporation thus selling its own stock as a "dealer," there is nothing set forth in the amendment to indicate that the corporation was engaged in the business of "offering its own securities generally for sale by circular, advertising, or through brokers or agents," so as to constitute it a dealer within the meaning of the statute. Consequently, even if it could be held that the rulings in *Evans* v. *Bryson,* and *Niemeyer* v. *Dougan,* supra, are inapplicable in a case where it is sought to

set up noncompliance with the statute, as against one not occupying the position of a bona fide holder for value, and that the defendant's failure to rescind the contract within one year did not deprive him of any such defense, the allegations of the amendment do not bring the transaction within the purview of the act of 1913.   Accordingly, the court did not err in rejecting the proffered amendment.

■   Where in a suit on a promissory note the defendant admits the execution of the note, and the receipt of the notice required by law for the recovery of attorney's fees, but sets up an affirmative defense, and there is no proof tending to show that the plaintiff, who sues as a transferee, is not the lawful holder of the note, and it is not contended by the plaintiff that it occupies the position of a bona fide holder for value, the parties occupy the same positions as if the suit had been instituted and maintained by the original payee of the instrument.   In such a case the only issue to be determined by the jury is whether or not such defense has been established by the defendant's evidence; and it was not error for the court to charge the jury that the burden was upon the defendant to establish such defense by a preponderance of the evidence.   Nor was it error for the court to fail to instruct the jury as to the original burden of proof resting upon the plaintiff, since there was no issue made by the pleadings and evidence upon the prima facie right of the plaintiff to recover.   The admissions by the defendant and the introduction of the notes made a prima facie case for the plaintiff, and entitled it to recover the full amount sued for unless the defendant was successful in establishing his affirmative defense.

■   "Where creditors make a full written assignment of their claim to a third person, although it be to secure a lesser indebtedness of theirs to the assignee, the assignment vests in the assignee the full legal title to the entire chose in action; and in such a case the assignee is vested with the right to maintain an action for the full amount of the chose in action, being charged with the duty of holding the excess, above the amount of the secured debt, as trustee for the assignors."   *Brown* v. *West,* 35 *Ga. App.* 444 (133 S. E. 304).   The rule is different where there has been only a partial assignment of the chose in action; in such a case the transfer is good as a legal assignment only when it has been assented to by the debtor.   When he has so assented, separate suits at law may be maintained by both the assignor and the assignee for their respective

interests in the chose in action. A partial assignment of a chose in action may, however, be good in equity without the consent of the debtor, but only one suit thereon may be maintained in such case; and such suit must be in a court of equity, with the assignor, the assignee, and the debtor as parties in the case. See *Rivers* v. *Wright,* 117 *Ga.* 81 (43 S. E. 499). Where there has been a full assignment of the chose in action to a bona fide holder for value before maturity, there is another rule of law which prevents such a holder from recovering more than the amount of this debt, where the maker has a defense good against the original payee; but this rule has no application where, as here, the plaintiff does not sue as a bona fide holder for value, but stands in the same position as if the action had been instituted by the original payee. In such a case the plaintiff is entitled to recover the entire amount due on the note, holding, as a trustee for the pledgor, any surplus above the amount secured by the pledge. *Slack* v. *Elkins,* 10 *Ga. App.* 571 (2) (73 S. E. 862).

The evidence upon the issues raised by the defendant's plea authorizes the verdict in favor of the plaintiff, and, under the foregoing rulings, no error of law was committed by the court in ruling upon the proffered amendment by the defendant setting up the invalidity of the notes because of the provisions of the act of 1913 cited, or in charging the jury or in failing to charge with reference to the burden of proof, or in refusing the defendant's request to charge that the plaintiff could not recover more than the amount of the debt secured by the pledge to it of the notes sued on.

*Judgment affirmed. Stephens and Bell, JJ., concur.*