ADCOCK, administratrix, *v.* MANDEVILLE MILLS.

No. 10918. MARCH 26, 1936.

*Stanford Arnold* and *Willis Smith,* for plaintiff in error.
*Boykin & Boykin,* contra.

ATKINSON, Justice. A life-insurance policy was payable to "the executors, administrators, or assigns of the insured." After death of the insured the insurer filed a petition against the administratrix and an assignee, admitting liability, and praying that the defendants be required to interplead, and that the petitioner be discharged from liability on paying into the registry of the court the amount of insurance due under the policy. The prayers of the petition were granted without objection. The defendants filed separate answers, each asserting right to the fund. At the trial the judge directed a verdict in favor of the assignee. A motion for new trial was overruled, and the administratrix excepted.

■ The objection to admission of evidence as complained of in the first special ground of the motion for a new trial failed to state why the quoted words appearing on the note rendered the instrument void, and consequently was insufficient to raise any question for decision. The complaint that the court erred in holding that the note was a valid contract failed to allege wherein the contract was invalid, and consequently was insufficient to raise any question for decision.

■ The movant complains of the direction of the verdict in favor of the assignee, because under the pleadings and the evidence the verdict was not demanded, and there were issues of fact that should have been submitted to the jury. This will be dealt with in connection with the general grounds of the motion for a new trial. "One has the right to procure insurance on his own life and assign the policy to another, who has no insurable interest in the life insured, provided it be not done by way of cover for a wager policy." *Rylander* v. *Allen*, 125 *Ga.* 206 (53 S. E. 1032, 6 L. R. A. (N. S.) 128, 5 Ann. Cas. 355) ; *Sprouse* v. *Skinner*, 155 *Ga.* 119 (116 S. E. 606) ; *National Life Insurance Co.* v. *Beck & Gregg Hardware Co.*, 148 *Ga.* 757 (98 S. E. 266). See also *Clements* v. *Terrell*, 167 *Ga.* 237 (3) (145 S. E. 78, 60 A. L. R. 969). The assignment of the policy of insurance was as security for a debt owed by the insured to the assignee. The debt was evidenced by three promissory notes, and was subsequently reduced to judgment. The judgment was immediately satisfied in consideration of a cash payment of $100 and execution of a promissory note due three days after date, made by the insured to the assignee upon a purported consideration of "value received."

At the time of its execution the note showed upon its face the words: "This note is given to be collected only through proceeds of life-insurance policy No. 9482921 issued by New York Life Insurance Company," being the policy which was the subject of assignment. The above-quoted clause must be considered as part of the note. *Farmers Bank of Nashville* v. *Johnson*, 134 *Ga.* 486 (68 S. E. 85, 30 L. R. A. (N. S.) 697, 137 Am. St. R. 242); 8 C. J. 191, § 323. The clause limiting collection of the note to proceeds of the policy manifests an intention to preserve the existing security afforded by the uncanceled assignment of the policy, and does not, as contended, render the note void for indefiniteness, repugnancy, or as an agreement not to collect the note. Neither does the clause show the note to be a part of a wagering contract or a contract without consideration. The reduction of the original debt to judgment and the satisfaction of the judgment, as indicated above, did not extinguish the security afforded by the assignment of the insurance policy.

■ Contemporaneously with the execution of the new promissory note containing the clause above indicated, the insured executed a quitclaim deed "in consideration of $5 and other valuable consideration," purporting to convey to the assignee of the insurance policy certain realty on which was a "potato house." Concerning this conveyance and the manner of settling the judgment, the president of the assignee corporation, called as a witness for the administratrix of the insured, testified: "I know we got possession of the potato house. We gave Adcock [the insured] no credit for the potato house. These notes were settled as follows: We sued on them and obtained a judgment, and then Mr. Adcock requested the judgment not stand against him, that he had no property and couldn't pay, and wanted to arrive at something where that judgment would not stand against him, and we agreed to accept one hundred dollars in cash and the note to be paid out of his life-insurance policy, and gave us a quitclaim deed to the potato house in which he said he had no legal claim whatsoever. And in compliance with that agreement this new note was then executed. At the time it was signed it was in same condition as it is now." The foregoing uncontradicted evidence was insufficient to show that the deed was made or accepted in satisfaction of the secured debt or to be credited thereon, and consequently did not

afford ground for charging the value of the property against the secured debt. The amount of the debt due on the note exceeded the amount due under the insurance policy.

Applying the principles stated above to the pleadings and the uncontradicted evidence, the verdict in favor of the assignee was demanded, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*