32530. TAYLOR *v.* DUNAWAY *et al.*

Decided July 8, 1949. Rehearing denied July 27, 1949.

*Sam F. Lowe Jr.,* for plaintiff.

*Yantis Mitchell, James M. Embry, H. Fred Gober, Dunaway, Riley & Howard,* for defendants.

FELTON, J. The plaintiff contends that the defendants are indebted to him in the sum of $2400 by reason of the following facts: that the plaintiff leased to the defendants, at a rental of $150 per month, certain office space as it stood, unaltered and not remodeled; that the plaintiff agreed to undertake to supervise and arrange for the remodeling for the defendants, this to be paid for by the defendants; that the defendants told the plaintiff to get the money for the alterations from the Bank of Georgia; that the plaintiff went to the bank, and learned that the defendants had arranged for the plaintiff to borrow $2400; that the plaintiff borrowed said sum; that later the defendants asked the plaintiff to advance the $2400 to them, and allow the defendants to supervise the remodeling; that the plaintiff agreed and advanced said sum to the defendants after the defendants agreed to repay the money to the plaintiff; and that the defendants failed to repay the money.

The plaintiff takes the position that, under the terms of the lease contract, the defendants were obligated to pay for the remodeling of the office space, and that the plaintiff's only agreement under the lease was to supervise and direct such alteration. The plaintiff relies on the printed subject-matter in paragraph 4 of the lease—which states that the "lessee accepts premises in their present condition. . . Lessor shall not be required to make any repairs or improvement to the premises, except structural repairs necessary for safety and tenantability" —as being an unconditional acceptance of the premises by the defendants in their present condition, plus an agreement on the part of the defendants that the plaintiff shall not be required to repair and improve them. The plaintiff further contends that, if from the written instruments, including the lease contract, it is

not clearly specified who is to pay for such repairs, and the writings are found to be ambiguous, then parol evidence should be admitted to ascertain the true intention of the parties. The plaintiff also contends that the provision in the special stipulation clause, that "The offices shall be finished by the lessor according to the plan of the lessee," does not mean that the plaintiff is to pay for the remodeling, but means that the plaintiff agrees merely to supervise and direct the work of remodeling. At the very least the plaintiff contends that this stipulation is vague and ambiguous and requires parol evidence to prove the actual intention of the parties. We are of the opinion that the foregoing contentions of the plaintiff are untenable. While it is true that the option agreement failed to state whether the plaintiff or the defendants were to pay for the improvement therein stipulated, the lease contract clearly removed any uncertainty as to who would be liable for the cost of the alterations. In the special stipulation paragraph of the lease there was the following *typed* provision, "The offices shall be finished by lessor according to plans of lessees." Not only is it the general rule of construction of such instruments to the effect that typed provisions will prevail over printed matter when they conflict (*Caddick Milling Co.* v. *Moultrie Grocery Co.*, 22 *Ga. App.* 524, 96 S. E. 583), but there is also a provision in the introduction to the special stipulation paragraph that reads: "In so far as the following special stipulations conflict with any of the foregoing provisions, the following shall control." Since there is clearly a conflict between paragraph 4 of the lease and a provision in the special stipulation clause, the latter will control, as expressly stated in the introduction of the special stipulation paragraph. Therefore, the lease on its face clearly negatives the allegation in the petition, "That under said lease agreement, Exhibit B, defendants were to pay to petitioner the actual cost of said remodeling."

Even if it could possibly be said that the above original stipulation is ambiguous or doubtful, the supplemental agreement, whereby "The remodeling provided for in said lease agreement is assumed by the lessees" in consideration of the payment of $2400, conclusively shows that the parties construed the lease as obligating the lessors to pay for the remodeling. See *Asa G. Candler Inc.* v. *Georgia Theatre Co.*, 148 *Ga.* 188 (96 S. E. 226).

The allegation that the lessee promised orally to repay the $2400 is directly contrary to the undertakings in the written agreements and, in the absence of allegations of accident, fraud, mistake, or duress, cannot affect the solemn obligations contained in the writings.

The trial court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Sutton, C. J. and Worrill, J., concur.*