### 36887. COPENHAVER *v.* UNITED AMERICAN INVESTMENT COMPANY.

DECIDED SEPTEMBER 16, 1957—REHEARING DENIED OCTOBER 25, 1957.

564

*Willingham, Gortatowsky & Morrison, Julian E. Gortatowsky,* for plaintiff in error.

*Lewis R. Slaton, Jr., Slaton & Holt,* contra.

GARDNER, P. J. The contentions of the plaintiff are that the plaintiff, having exercised the option and having purchased 200 shares of stock in May 1956, was entitled to exercise the option and purchase an additional 200 shares in May 1957. In our opinion it seems plain that the plaintiff was entitled to purchase 200 shares of the common stock of the defendant company for and during the months of March, April and May of 1956, and to purchase a like number of shares during the months of March, April and May of 1957 at $2.00 per share, and to purchase a like amount of shares for each calendar year through the year 1965, in the event the plaintiff continued to work for the defendant during those calendar years.

In determining the construction of a contract, the intention of the parties to the contract is to be sought and enforced. The record in this case shows that the defendant construed the contract to mean that the plaintiff was entitled to exercise this

option at $2.00 per share throughout the complete term of the contract (of course if the plaintiff continued to work with the defendant). If the defendant had not so interpreted the contract and accepted the payment from the plaintiff in 1956, there might have been some basis for the contentions of the defendant as to the intention of the parties under the contract. However, since the stock increased in market value from May 1956 to May 1957 from $400 for 200 shares to $750 for the same number of shares, (an increase of $350, the amount for which suit is brought), it is very likely the reason the suit is before us. See *Asa G. Candler, Inc.* v. *Georgia Theater Co.*, 148 *Ga.* 188 (5) (96 S. E. 226, L. R. A. 1918F 389) wherein the Supreme Court said: "The construction placed upon a covenant in a lease by the parties thereto, as shown by their acts and conduct, is entitled to much weight and may be conclusive upon them." See also *Taylor* v. *Dunaway*, 79 *Ga. App.* 754 (54 S. E. 2d 381). It is well to keep in mind that the defendant prepared the contract.

The defendant contends that since the words "calendar year" were mentioned, and the contract was signed on January 13, 1956, the plaintiff was not entitled to prevail. As hereinabove stated, the defendant did not so construe the contract when the plaintiff purchased the stock in May 1956. It is clear to us that both parties treated the sale of the stock in May 1956 as being for the calendar year 1956. This is true notwithstanding the fact that the plaintiff went to work January 12, 1956.

Considering this whole record, the court erred in sustaining the general demurrer to the petition and dismissing it.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*