38170.   HODSON v. SCOGGINS.

DECIDED JULY 5, 1960.

*Miles B. Sams,* for plaintiff in error.
*Weldon Shows,* contra.
FELTON, Chief Judge.   ■   The first assignment of error is

based on the premise that the trial court erred in rendering the first judgment on the defendant's general demurrer because after such demurrer was filed, and before such judgment was rendered, the plaintiffs filed a material amendment to the petition. This amendment to the plaintiff's petition set forth a copy of the note sued on as well as a copy of the assignment of Siler's interest therein to the plaintiffs. The amendment added nothing to the original petition other than the note and assignment thereof, for the original petition had alleged the date, the total amount, the monthly payments, the payees, the maker, the assignment by Siler and his interest to the plaintiffs, and what Siler's interest was in such note, and that such note was past due. While special demurrers were filed to the petition, the trial court sustained only the general demurrer thereto in the first judgment complained of and allowed the plaintiff 20 days in which to amend. In *Riley v. Royal Arcanum*, 140 Ga. 178 (78 S. E. 803), it was held that, when the terms of an insurance policy are alleged, it is error to sustain a general demurrer to a petition seeking a recovery under such policy because the policy is not attached as an exhibit, and in *Dotson v. Savannah Pure Food Canning Co.*, 140 Ga. 161 (78 S. E. 801), it was held: "Under the decision in *Lynah v. Citizens & Southern Bank*, 136 Ga. 344 (71 S. E. 469), if a petition sets out the substance of a written contract, it is not demurrable because a copy of the contract is not attached." Therefore, under the above authority, the amendment to the petition was not a material amendment and it was not necessary that the defendant renew such demurrer in order for the trial court to be authorized to pass upon the same. Accordingly, there is no merit in this assignment of error.

▪ After the defendant's general demurrer was sustained with leave to amend given the plaintiffs, the plaintiffs amended their petition by striking Miles B. Sams as a party plaintiff so that C. E. Hodson remained as the sole plaintiff. The defendant renewed his general demurrer, and on the hearing such renewed general demurrer was sustained, and such judgment presents the sole remaining question for decision in the case. There was no special demurrer as to nonjoinder. See *Code* § 81-304, catchword "Nonjoinder."

46

The note sued on, is dated April 28, 1959, and states: "For value received, I promise to pay to the order of James R. Puckett & Annie Puckett & E. H. Siler the principal sum of four thousand nine hundred eighty-nine and 92/100 ($4,989.92) dollars with interest from date at the rate of six (6%) per centum per annum on said principal sum, or on so much thereof as may from time to time remain unpaid (interest payable monthly); said principal and interest being payable in lawful money of the United States in monthly instalments of one hundred ($100) dollars each, on the 28th day of each and every month, commencing on the 28th day of May, 1959, and continuing until said principal sum and interest have been fully paid; each instalment, when paid, to be applied first to the payment of interest accrued on unpaid principal, and the residue thereof to be credited on the principal. . ." This portion of the instrument is in printed form with the exception of names, dates and amounts, which are typewritten. It is further provided that in case of default in the payment of any instalment, the entire balance shall become due and payable at the option of the holder. The instrument also contains a typewritten stipulation as follows: "The first $1,000 payable herein, shall be payable to E. H. Siler and when paid, shall constitute the full interest of this instrument and the property secured thereby vested in the said E. H. Siler; payment to the said Siler shall be payment upon this note for the first $1,000."

The typewritten stipulation quoted above must be considered as a part of the note in question. *Adcock v. Mandeville Mills,* 182 Ga. 244, 246 (185 S. E. 288); *Farmers Bank of Nashville v. Johnson, King & Co.,* 134 Ga. 486 (1) (68 S. E. 85, 30 L. R. A. (NS) 697, 137 Am. St. Rep. 242). While there exists an apparent conflict between this and the printed provisions as to payment, under the general rule of construction the typed provisions will prevail over the printed matter in such instance. *Caddick Milling Co. v. Moultrie Grocery Co.,* 22 Ga. App. 524 (1) (96 S. E. 583); *Taylor v. Dunaway,* 79 Ga. App. 754, 758 (54 S. E. 2d 381). Under the construction thus placed upon it, the note is equivalent to two obligations in one.

In Nagel v. Lutz, 41 App. Div. 193, (58 N. Y. S. 816) a prom-

issory note provided: "On demand, after 30 days, we promise to pay to the order of John F. Nagel seven hundred fifty ($750) dollars, also to Charles H. Callahan the sum of seven hundred fifty ($750) dollars, with use." It was held that under the terms of this note no joint contract existed in favor of the payees and that the causes of action in their behalf were distinct, separate and independent from each other. In 10 C. J. S. 1179, "Bills and Notes", § 553, citing Nagel v. Lutz, the rule is stated: "Where a note provides for the payment of a separate sum to each of several different payees, the instrument is in effect several instruments and the payees may not sue jointly." *Code* § 3-110.

*Code* § 14-412 provides: "Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others." Relying as they do on the above Code section, the dissenting opinions necessarily interpret the instrument in question as being one payable to two or more payees jointly. In *Hill v. Wadley Southern R. Co.*, 128 Ga. 705, 713 (57 S. E. 795), Justice Lumpkin had occasion to define the word "joint" as follows: "As a legal term, the word is generally used to mean joined together in unity of interest or liability." Tested by this standard, the note now before us is not payable to two or more payees jointly but is payable to one of the several payees as regards the first $1,000 of the principal amount.

In our opinion the instrument involved in the present case is not payable to the order of two or more payees jointly so as to come within the general rule upon which the dissenters have predicated their opinions. This conclusion is not altered by the decisions of this court in *Boatenreiter v. Fulton Nat. Bank*, 61 Ga. App. 521, 529 (6 S. E. 2d 148) and *Fulton Nat. Bank v. Didschuneit*, 92 Ga. App. 527 (1) (88 S. E. 2d 853) to the effect that a negotiable instrument payable to two or more persons *jointly* must be indorsed by all in order to pass title, since, under the view here taken, the instrument in question does not create a joint interest in the payees as to the amount sued for. The obligation sued on is for a definite amount payable independently to one of the several payees named in the instrument. The

indorsement of Siler has transferred the entire amount thus independently payable. The amount sued for is, in our opinion, severable from the remainder of the principal obligation for the purposes of the suit by Siler or his assignees and an action lies in favor of the assignees without the indorsement of the other two payees who had no interest in the sums sued for.

*Code* § 14-403 provides: "The indorsement must be an indorsement of the entire instrument. An indorsement which purports to transfer to the indorsee a part only of the amount payable or which purports to transfer the instrument to two or more indorsees severally does not operate as a negotiation of the instrument; but where the instrument has been paid in part, it may be indorsed as to the residue." The purpose of this last cited section is to prevent a payee or payees from varying or enlarging the contract initially made by the maker of the instrument. When a maker executes a negotiable instrument payable to one payee or more, jointly, he subjects himself to one lawsuit. If the payee in an instrument transfers it to two or more indorsees severally, such an indorsement subjects the maker of the instrument to two or more suits to which he was not liable at the time he executed the instrument. But even if the indorsement is to two or more indorsees severally the indorsement does not become void but possibly robs the instrument of its negotiability. The indorsement could be enforced as an assignment under the law of assignment or partial assignment. Under partial assignment the assignee may sue the maker with his consent or if the maker is estopped to contest it. In this case the maker subjected himself to two lawsuits when he executed the instrument because he did not sign a joint obligation but he signed one obligation which was due entirely to two payees and another obligation which was due entirely to another and separate payee. For the purposes of this case it makes no difference whether the instrument was negotiable in the hands of Siler or his assignees, the maker made two separate contracts in one and could not object to two lawsuits. It has even been held that where a negotiable instrument is indorsed to two or more indorsees severally an action by one of the several indorsees lies, provided the other several indorsees are made

parties to the case. See: Annotation 149 A. L. R. p. 1055, following Blake v. Weiden, 291 N. Y. 134 (51 N. E. 2d 677, 149 A. L. R. 1050). "Both at law and in equity, if the debtor or obligor in the chose accepts or consents to the partial assignment thereof, he is bound thereby." 6 C. J. S. 1128, "Assignments," § 75. *Gleaton v. Bank of Arlington*, 40 Ga. App. 291 (149 S. E. 438); *Brown v. West*, 35 Ga. App. 444 (133 S. E. 304); *Graham v. Southern Ry. Co.*, 173 Ga. 573 (161 S. E. 125, 80 A. L. R. 407); *Shearer v. Shearer*, 137 Ga. 51 (72 S. E. 428). Under these authorities it is quite clear to us that the maker of the instrument involved is suable by the indorsee of Siler as to Siler's separate and individual interest in the instrument even if we assume for the sake of argument that in the hands of Siler's assignees the instrument insofar as they are concerned is not a negotiable instrument. The interests of the other two payees of the instrument were completely distinct from Siler's and an action by Siler or his assignees for the separate amounts due them could in no way interfere with the rights of the other two payees in the instrument for the reason that under *Code* § 3-110 all three of the original payees could not have brought suit jointly on the instrument. The first two payees had a joint action in them and Siler had another right of action which was separate and distinct from the other two payees. Siler assigned and transferred his interest in the note in the following language: "For value received the undersigned, hereby, sell, assign, and transfer to (Miler B. Sams, Cecil Hodson) to its successors and assigns without recourse, the within note signed by J. B. Scoggins dated April 28th, 1959, together with all the rights, powers and privileges contained therein, and all right, title and interest in and to the property therein described. /s/ E. H. Eiler."

This assignment, under the law, could only assign whatever interest Siler had in and to the note and of course it could have no bearing on the rights of the other two payees, and the assignees of the note could only enforce it to the extent to which Siler could have enforced it. The Georgia cases cited in the dissents have no application to the facts of this case. They are ob-

viously distinguishable as they do not involve cases where the original contracting party necessarily subjects himself to two suits.

The court erred in sustaining the renewed general demurrer.

*Judgment reversed. Gardner, P. J., Townsend, Carlisle and Frankum, JJ., concur. Nichols and Bell, JJ., dissent.*

NICHOLS, Judge, dissenting. The note in this case was payable to the order of James K. Puckett and Annie Puckett and E. H. Siler, and stated in part: "The first $1,000 payable herein, shall be payable to E. H. Siler and when paid, shall constitute the full interest of this instrument and the property secured thereby vested in the said E. H. Siler; payment in the said Siler shall be payment upon this note for the first $1,000." The indorsement or assignment reads in part as follows: "For value received the undersigned, hereby, sell, assign, and transfer to (Miler B. Sams, Cecil Hodson) to its successors and assigns without recourse, the within note signed by J. B. Scoggins dated April 28th, 1959, together with all the rights, powers and privileges contained therein, and all right, title and interest in and to the property therein described."

*Code* § 14-412 provides: "Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others." It is not alleged that E. H. Siler had authority to indorse the note for James K. Puckett or Annie Puckett, nor is it alleged that they were partners. In the case of *Fulton Nat. Bank v. Didschuneit,* 92 Ga. App. 527, 532 (88 S. E. 2d 853), while Judge Felton dissented as to another question presented by the record, this court unanimously (six judges) held that a check made payable to 2 or more persons must, in order for an indorsement to be valid, be indorsed by all such payees.

In the present case where the alleged right of the plaintiffs, or later the sole plaintiff, to recover is based on an assignment by one of three joint payees, and the petition does not disclose that such payees were partners or that the indorsing payee had authority from the joint payees to so indorse the note, the judgment of the trial court sustaining the defendant's general de-

murrer to the petition, in the writer's opinion, was a correct judgment and should be by this court affirmed, since no right vested in the plaintiff, or in the plaintiffs, as the action was originally filed, to bring an action on the note, and the fact that the note provided for the first $1,000 to be paid to the indorsing payee would in no wise change the above result.

I am authorized to say that Judge Bell agrees with what is said here in this dissent.

BELL, Judge, dissenting. Since the defendant here chose to use a negotiable instrument payable to the order of three persons, I feel that it necessarily follows that the provisions of the Uniform Negotiable Instruments Law, as enacted in Georgia, govern the instrument. Furthermore, while the typed portion of the instrument provides that the first $1,000 shall be payable to one of the three payees, I cannot conclude that this fact is sufficiently persuasive in itself to constitute a waiver by implication of the policy of the law that the instrument must be transferred in its entirety. This policy is derived from *Code* § 14-403 which makes clear that an indorsement must be an indorsement of the entire instrument and a transfer to two or more indorsees severally does not operate as a negotiation. This conclusion is further reinforced by *Code* § 14-412, which provides that where an instrument is payable to the order of two or more payees who are not partners, all must indorse unless the one indorsing has authority to indorse for the others. See *Fulton Nat. Bank v. Didschuneit*, 92 Ga. App. 527, 532 (88 S. E. 2d 853). These sections lead me to the conclusion that there is no authority to support a rule that a negotiable instrument may be transferred in part by an assignment by one of several joint payees. Furthermore, allowing an action to be maintained upon an attempted assignment of part of the proceeds of a negotiable instrument conflicts with prior holdings that a partial assignment does not give the assignee such title as can be enforced by a common-law action. See *Graham v. Southern Ry. Co.*, 173 Ga. 573 (161 S. E. 125, 80 A. L. R. 407, and *Shearer v. Shearer*, 137 Ga. 51 (72 S. E. 428). In the latter case, it was held that a partial assignment of one's interest in a primissory note is not binding on the maker of the note unless accepted or assented to by the

latter. I cannot agree with the holding in Nagel v. Lutz, 41 App. Div. 193 (58 N. Y. S. 816), cited by the majority, to the effect that where the note provides for payment of a separate sum to two differ nt payees, the instrument is in effect two instruments in on and the payees may not sue jointly. It is to be noted that is case was decided before the Uniform Negotiable Instr ents Law took effect in New York. The instrument the sued on was dated May 19, 1897, which was the date of nactment of the New York Uniform Negotiable Instruments Law; however, the New York law, while enacted May 19, 1897, did not become effective in that state until October 1, 1897. See Laws of New York (1897), pp. 719, 757. In Nagel v. Lutz, the court stated, "The instrument set out in the complaint is a novelty. It contains two promissory notes, one of which is negotiable and was given for $750. The other is nonnegotiable and was given for $750." That case was decided on a question of misjoinder of parties and was not decided under the Uniform Negotiable Instruments Law which, in any event, could not have been applied to the case because the rights of the parties were fixed before the effective date of the act. I do not find anything in the instrument herein sued on which would constitute a consent to a separate suit by the assignee of one payee upon a negotiable instrument payable to the order of three payees jointly. I remain of the opinion that the maker, having chosen to use a negotiable instrument payable to the order of three persons, thereby elected to have the instrument governed by the laws applying to such instruments, and it naturally follows that more would be required of the maker to constitute a waiver than the mere original signing of the paper in its unique form. For these reasons I think *Code* §§ 14-403 and 14-412 govern this transaction.

I am authorized to say that Judge Nichols joins with me and concurs in these conclusions stated.