56328. BATSON-COOK COMPANY v. POTEAT et al.

BELL, Chief Judge.

This is an appeal from the grant of a motion for partial summary judgment in favor of co-defendant Ceco, challenging the validity of the indemnity provision in the contract between co-defendants Ceco and Batson-Cook. Plaintiff brought suit alleging that he was injured at the construction site of the Emory Law School when a pan slab device fell on him. Plaintiff further alleged that co-defendant Batson-Cook was the general contractor at the job and co-defendant Ceco was a subcontractor. Plaintiff's wife also filed a consortium suit arising from her husband's alleged injury. Both defendants filed answers to plaintiffs' complaints, and Batson-Cook cross claimed against Ceco seeking indemnity. Thereafter, both defendants moved for partial summary judgment concerning the validity of the indemnity provisions in the contract between them.

Co-defendant Ceco performed its work on the Emory Law School pursuant to a written contract with co-defendant Batson-Cook. This subcontract agreement was a standard printed form prepared by Batson-Cook;

however, certain typed portions requested by Ceco were added. The standard form printed provision pertaining to indemnity, Article 11.20, stated as follows: "The Subcontractor shall indemnify and hold harmless the Contractor and all of his agents and employees from and against all claims, damages, losses, and expenses including attorneys' fees arising out of or resulting from the performance of the Subcontractor's Work under the Contract Documents, provided that any such claim, damage, loss, or expense (a) is attributable to bodily injury . . . and (b) is caused in whole or in part by any negligent act or omission of the Subcontractor or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, *regardless of whether it is caused in part by a party indemnified hereunder . . .*" (Emphasis supplied.)

Subsequently, the following general provision 1 of Article 2 was typed on the printed form contract: "While Subcontractor will hold Contractor harmless from claims caused by Subcontractor's negligence, *Subcontractor assumes no responsibility for the negligence of Contractor or others.*" (Emphasis supplied.)

In its order granting Ceco's motion for partial summary judgment and denying the same of Batson-Cook, the court found that the two indemnity provisions were in conflict. The court stated further that the typed addition to the pre-printed contract must prevail, thus limiting the indemnity portion of the contract to Ceco's negligence only. From this order, co-defendant Batson-Cook appeals. *Held:*

1. The standard form indemnity clause binds the subcontractor to indemnify the contractor notwithstanding the contractor's negligence. *Binswanger Glass Co. v. Beers Const. Co.,* 141 Ga. App. 715 (234 SE2d 363). The typed addition, however, strictly limits the subcontractor's liability for indemnification to claims caused by the subcontractor's negligence, and expressly states that the subcontractor assumes no responsibility for the negligence of the contractor. Therefore, the trial court correctly found that the two indemnity provisions were in conflict and that the special provision would prevail as the general rule of construction is that written

provisions will prevail over printed matter when they conflict. Code Ann. § 20-704 (7); *Taylor v. Dunaway,* 79 Ga. App. 754 (54 SE2d 381). The construction of a contract is a question of law for the court. The trial judge properly granted a partial summary judgment to the subcontractor, co-defendant Ceco.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 18, 1978 — DECIDED OCTOBER 12, 1978.

*Henning, Chambers & Mabry, Walter B. McClelland,* for appellant.

*Hurt, Richardson, Garner, Todd & Cadenhead, W. Seaborn Jones, Paul M. Talmadge, Jr., McCurdy & Candler, George H. Carley, Charles H. Hyatt,* for appellees.