NATIONAL LIFE INSURANCE COMPANY OF VERMONT *v.* BECK & GREGG HARDWARE COMPANY.

ATKINSON, J.  On June 4, 1907, the National Life Insurance Company of Vermont issued a "renewable term policy," on the life of Martin H. Roop, payable to "the executors, administrators, or assigns of the insured," for a stated amount in consideration of specified premiums. The contract of insurance contained the clause: "The insured may renew this policy for further periods of ten years each, without medical examination (provided there has been no lapse in the payment of premiums), by written notice to the company at its home office before the expiration of any period of the insurance hereunder, and by the payment in each year, on the dates above specified, of the premium for the age attained by the insured at the beginning of any such renewal period in accordance with the table of rates on the back hereof." On September 21, 1907, the insured made a written assignment of the policy to Beck & Gregg Hardware Company, as collateral security for a debt,

which assignment was acknowledged by the insurer, in writing entered thereon, to be "received and original filed this 27th day of September A. D. 1907, assuming no responsibility as to its validity." The assignment was of "all my right, title, and interest in and to said policy or contract of insurance (except that the cash value of all dividends from the surplus apportioned to this contract may be used by the insured) subject to all of its conditions and to the rules and regulations of the said National Life Insurance Company." *Held:*

1. The "assigns" of the insured being included among the beneficiaries of the policy, the contract should be construed as contemplating assignment by the insured, and it was assignable. *Rylander* v. *Allen,* 125· *Ga.* 206 (53 S. E. 1032, 6 L. R. A. (N. S.) 128, 5 Ann. Cas. 355).

2. The assignment of "all my right, title, and interest in and to said policy or contract of insurance," as employed in the written assignment, was an assignment of every right the insured had under the policy, including the right to maintain the life of the policy by payment of premiums, and to make a written demand for renewal of the policy for ten-year periods.

3. When the company refused to grant such extension after demand and compliance with the stipulated conditions as to payment of premiums, specific performance at the instance of the assignee was an available remedy.

4. A suit instituted by the assignee for specific performance against the company and the assignor, which contained an alternative prayer for damages on account of premiums paid by the assignee on faith of the assignment, was not multifarious.

5. Applying the principles announced in the preceding notes, there was no error in overruling the demurrer to the petition, and in rendering judgment for the plaintiff upon the trial of the case submitted to the judge without the intervention of a jury on the agreed statement of facts.

*Judgment affirmed. All the Justices concur, except Fish, C. J., and George, J., who dissent.*

No. 932. FEBRUARY 13, 1919.

Specific performance. Before Judge Bell. Fulton superior court. April 8, 1918.

*Reuben R. Arnold* and *Ronald Ransom,* for plaintiff in error.

*Dorsey, Shelton & Dorsey* and *Rosser, Slaton, Phillips & Hopkins,* contra.