24308. SMITH *v.* METROPOLITAN LIFE INSURANCE CO.

DECIDED AUGUST 29, 1935. REHEARING DENIED SEPTEMBER 26, 1935.

*Paul T. Chance, Nathan Jolles,* for plaintiff.
*Rodney S. Cohen,* for defendant.

MacIntyre, J. .Thomas H. Smith filed his petition against Metropolitan Life Insurance Company, alleging:

1. That the defendant is a corporation doing business in the State of Georgia and having an office and agent in Augusta, Georgia.

2. That "petitioner is the holder of a certain certificate of insurance with the Metropolitan Life Insurance Company," a copy of which is hereto attached as Exhibit "A."

3. That under said certificate "petitioner is insured with the defendant company in the sum of $1000," and that said certificate is now in force, and all premiums due thereon have been paid to the defendant company.

4. "That under and by virtue of said certificate, which is a group life-insurance certificate issued through the Lombard Iron Works and Supply Company, your petitioner is entitled, in the event of the termination of his employment with said Lombard Iron Works and Supply Company, to a policy of life insurance in the sum of $1000, upon application made within 31 days to said life-insurance company."

5. "Petitioner avers that his employment ceased with the Lombard Iron Works and Supply Company on January 26, 1932."

6. That "on January 4, 1932, he became totally and permanently disabled," and is now in that condition.

7. "Your petitioner avers that on January 28, 1932, through his attorney and agent, he made application to the defendant company for the privilege of continuing said certificate with said defendant company through its duly authorized agent, G. E. Glander, in charge of its local office, and that said defendant refused to entertain or accept the application made to said company, and refused to issue any policy of life insurance in any form upon the payment of any premium covering the life of your petitioner."

8. That petitioner "had paid $1.20 per month from June 12, 1923, up to January 19, 1932, as a consideration for said certificate of insurance, all the same having been collected by the Lombard Iron Works and Supply Company as agent of said defendant company."

9. That "on January 30, 1932, petitioner made a legal tender of premiums due on said policy since January 19, 1932, and while said certificate was in force and during a period of total and permanent disability, and the same was refused by the defendant company."

10. That petitioner "has performed his part of the contract of insurance, and that he can not be placed in 'statu quo' and he can not now obtain insurance at any cost from any other insurance company."

11. That petitioner "has no . . adequate and complete remedy at law, and that damages for the breach of said contract would not adequately compensate your petitioner; and petitioner invokes the aid of this court as a court of equity to compel specific performance of said contract, and avers that the defendant is able · to perform said contract."

12. That petitioner "has complied with all the terms and provisions of his contract, and has made application to the defendant within 31 days after the termination of his employment, and that the same has been refused by said defendant company."

The prayer is that "specific performance of said contract be had, . . and that the life of . . petitioner be decreed to be insured in the said defendant company for . . $1000 according to the terms and provisions of said certificate, and that the said defendant company be decreed to execute to petitioner a policy of insurance in accordance with the terms and provisions of said certificate." The copy of the certificate attached to the petition, and signed "Metropolitan Life Insurance Company," provides "that under and subject to the terms and conditions of group policy No. 1362G, Thomas H. Smith, an employee of Lombard Iron Works and Supply Company, . . is hereby insured for five hundred dollars. If death occur while the employee is in the employ of the employer, the amount of insurance in force on said employee, in accordance with group policy as above, will be paid to Ella Smith, beneficiary." Said certificate continues as follows: "In the event of the termination of the employment for any reason whatsoever, the employee shall be entitled to have issued to him by the Metropolitan Life Insurance Company, without further evidence of insurability, and upon application made to that company within thirty-one days after such termination, and upon the payment of the premium applicable to the class of risk to which he belongs and to the form and amount of the policy at his then attained age, a policy of insurance in any one of the forms customarily issued by such company, term insurance excepted, in an amount equal to the amount of his protection under the group-insurance policy at the time of such termination." Attached to the foregoing certificate is an addendum providing, that, "subject to the terms and conditions expressed in Policy No. 1362G, . . the amount of insurance on the life of Thomas H. Smith . .

has been increased five hundred dollars." This addendum recites that it is effective June 12, 1923, and is signed by the insurer.

The foregoing petition was filed in the office of the clerk of the superior court on February 2, 1932. On April 20, 1932, the defendant filed its general and special demurrer to the petition. In May, 1934, Mrs. Ella Smith sought to be made "party plaintiff" in the case, averring:

1. "That . . Thomas H. Smith . . departed this life on December 26, 1933."

2. "Your petitioner is named as beneficiary of said policy as set out in the exhibit attached to said petition."

3. "That . . your petitioner as beneficiary of said policy is entitled to the proceeds of said policy, and that all the acts and doings of said Thomas H. Smith, and the filing of his suit for specific performance of said contract, was in pursuance of the terms of said policy and in providing for your petitioner death benefit upon the death of the said Thomas H. Smith."

4. That "Thomas H. Smith has no interest in the proceeds of said policy, the same being only a death policy, and that his estate, if there be one, is not interested in the outcome of said suit."

5. "That the said Thomas H. Smith, during his lifetime, and your petitioner have never had in their custody and control the group policy issued by the defendant to Lombard Iron Works and Supply Company, and the said Thomas H. Smith was and your petitioner is unable to produce the same; and petitioner specially avers that it is in the custody, control, and possession of the defendant."

6. "Your petitioner avers that she is now legally and equitably entitled to the proceeds of the said policy, to wit: the sum of $1000, with interest thereon. Wherefore, petitioner prays that by proper order of the court she be made party plaintiff in this case, and that said suit proceed to judgment against the defendant company in the sum of $1000, and that this court decree that said policy is in full force and effect, and that by reason of the death of the said Thomas H. Smith on December 26, 1933, since the filing of said petition, your petitioner is entitled to the benefit of said policy."

On May 12, 1934, the court passed the following order: "The foregoing amendment is hereby allowed, subject to objections; and it is ordered that the said suit proceed in the name of Mrs. Ella

Smith against said defendant company, pursuant to the prayers of said amendment." On June 22, 1934, the court allowed Mrs. Ella Smith to amend paragraph 5 of the original petition so that it would read as follows: "Petitioner avers that his employment ceased with the Lombard Iron Works & Supply Company on January 4, 1932, while said group policy of insurance was in full force and effect."

On June 2, 1934, the defendant demurred to the petition as amended, both generally and specially. In an order passed on June 27, 1934, the court overruled paragraph 3 of the demurrer to the original petition, which demurrer was that neither said group policy nor a copy thereof is attached to the petition; and also overruled paragraph 4 of said demurrer to paragraph 6 of the petition, which demurrer invoked the striking of said paragraph on the ground that "the disability of the plaintiff, or his condition, plays no part in such an equitable petition." In said order the court sustained the general demurrer to the original petition, upon the ground that it "sets forth no cause of action." The court likewise sustained paragraph 5 of the said demurrer, which is as follows: "Defendant specially demurs to paragraph 7 of said petition, in that it is not shown in said paragraph, or elsewhere in said petition, whether the application for insurance was in writing, nor is it shown in said paragraph or elsewhere in said petition what were the terms of the contract of insurance applied for, so that the premium rate could be determined, or what plan of insurance, or what form of policy was being applied for, so as to make the application anything that could be complied with, if the plaintiff had the right to demand such policy." In the order of June 27, 1934, the court likewise passed upon the demurrer of June 2, 1934, to the petition after it had been finally amended, and sustained paragraph 1 of the demurrer, which was: "That said petition, with said several amendments, sets forth no cause of action." Also paragraph 3 of said demurrer, which was that "said petition as amended fails to set forth with any particularity the nature of the insurance contract which said Thomas H. Smith applied for, so that any request, if made, could be complied with by the defendant." Also paragraph 4 of the demurrer, which was that "the request for insurance, even if timely made, was indefinite, and not in such form as to be the subject of a bill for specific performance."

In their brief counsel for the plaintiff in error say: "Plaintiff in error will now discuss the question if the petition set out a cause of action in favor of the deceased, Smith; because it would be necessary to show that Smith had a cause of action before Mrs. Smith . . could continue with the prosecution of said petition." We think this is a correct statement. Let us then advert to paragraph 7 of the original petition, and consider it in connection with the prayer that the defendant "be decreed to execute to petitioner a policy of insurance in accordance with the terms and provisions of said certificate." Said certificate gave the insured the right to procure "a policy of life insurance *in any one of the forms customarily issued, . . term insurance excepted.*" It appears from paragraph 7 of the petition (already quoted in full) that Thomas H. Smith "made application . . for the privilege of continuing said certificate, . . and that the defendant refused to entertain or accept the application made, . . and refused to issue any policy of life insurance in any form." Since Thomas H. Smith's employment had ceased, there was obviously no right given him under the certificate to "continue the certificate." The object of his petition was that "said defendant company be decreed to execute to petitioner a policy of insurance in accordance with the terms and provisions of said certificate." But what sort of policy did Smith wish issued to him? "A policy . . in any one of the forms customarily issued by such company." More than one form was issued by said company. What form was desired? The most definite answer which can be given to this question must be based on paragraph 7 of the original petition, which was not amplified by amendment. In our opinion, neither said paragraph nor the petition as a whole answers the last question satisfactorily. Why could not Thomas H. Smith, acting "through his attorney and agent," have indicated in some way what sort of policy he desired? We think that he could, and should, have done so. We hold that the request for insurance was too indefinite to support a bill for specific performance; and that the demurrers we have considered were properly sustained. We know of no case in which a prayer for specific performance has been granted where the allegations of the petition were as indefinite as in the case at bar. In *National Life Insurance Co. v. Beck & Gregg Hardware Co.,* 148 *Ga.* 757 (98 S. E. 266), where it was held that the assignee of a

"renewable term policy" could proceed by specific performance to have the policy renewed, the same policy was sought to be renewed, and there was no question as to what sort of policy was desired.

Judgment affirmed. *Broyles, C. J., and Guerry, J., concur.*